Filed 10/20/25  P. v. Corley CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KENNETH WAYNE CORLEY,<br><br>    Defendant and Appellant. | D084639<br><br><br><br>(Super. Ct. No. SCD292274) |

APPEAL from a judgment of the Superior Court of San Diego County, Joan P. Weber, Judge.  Affirmed.

Marcia R. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

No Appearance for Plaintiff and Respondent.

Kenneth Wayne Corley's appellate counsel has filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating she has not been able to identify any arguable issues for reversal on appeal.  Counsel identifies a potential issue under *Anders v. California* (1967) 386 U.S. 738, 744-745

(*Anders*) and asks this court to review the record for error as mandated by *Wende*.

We offered Corley the opportunity to file his own brief on appeal, but he did not do so. Our independent review confirms there are no arguable issues on appeal. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The People charged Corley with murder (Pen. Code,[1] §187, subd. (a)) and alleged he personally and intentionally discharged a firearm in the commission of that offense (§ 12022.53, subds. (b), (c) & (d)). They also alleged he had previously been convicted of attempted robbery and robbery (§§ 211, 664/211, 667, subd. (a)(1), 668, 1192.7, subd. (c), 667, subds. (b)-(i), 1170.12). The People further alleged the following aggravating factors: The offense involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness. (Cal. Rules of Court, rule 4.421(a)(1)); Corley was armed with or used a handgun during the commission of the offense (Cal. Rules of Court, rule 4.421(a)(2)); he has engaged in violent conduct, which indicates a serious danger to society (Cal. Rules of Court, rule 4.421 (b)(1)); and his prior convictions as an adult and sustained petitions in juvenile delinquency proceedings are numerous and of increasing seriousness (Cal. Rules of Court, rule 4.421(b)(2)). On the People's motion, the court struck the allegations under section 12022.53, subdivisions (b) and (c).

The following evidence supported the murder conviction: After the victim, Peter Cruz, was shot on October 27, 2021, he several times identified Corley as his shooter to first responders, who recorded their interactions with him on their body worn cameras. Cruz was taken by ambulance to the

---

[1] Undesignated statutory references are to the Penal Code.

2

emergency room. The medical director testified Cruz died shortly after surgery because of massive blood loss caused by his gunshot wounds. Corley was arrested a day after the crime (October 28, 2021). A criminalist tested the socks Corley wore when he was arrested and found on one sock blood with DNA matching Cruz's. Cellphone tracking technology placed Corley within 300 meters of the crime scene at approximately 12:43 a.m., when Cruz was shot.

At an in camera hearing on motions in limine, the court ruled the victim's identification of Corley was admissible as a dying declaration.

A jury found Corley not guilty of first degree murder, but convicted him of second degree murder. It found true the section 12022.53, subdivision (d) firearm allegation.

In bifurcated proceedings, held while the jury was deliberating, the court discussed the enhancement allegations with the parties. Defense counsel told the court: "In the event of a guilty verdict, Mr. Corley will waive the jury on the priors and the aggravating factor. The only thing I cannot guarantee is that there would be an admission, but he would be willing—an admission to the aggravating factors, but he would be willing to waive the jury on that." The court addressed Corley: "[Y]ou'd have the right—if the jury comes back with a guilty verdict on either first or second degree, you would have the right to have the jury decide whether you have the priors that are alleged in the Information and whether the aggravating factors that have been alleged by the People have been proved. [¶] Do you give up that right and agree to have a court trial regarding those issues as opposed to a jury trial?" Corley responded: "Yes, yes."

After the jury reached its verdict, the court again discussed with the parties whether there would be a jury trial on the allegations or if Corley

would admit to them. Corley's counsel stated, "I'm pretty certain in regards to strikes priors there will be an admission." After consulting with Corley, she told the court Corley would admit to the priors and some of the aggravating factors. The court also gave Corley another advisement about the waiver of his trial rights, as shown in this colloquy:

"[Defense counsel]: . . . Mr. Corley is willing to admit to the increasing seriousness of criminal activity.

"[The court]: As well the priors?

"[Defense counsel]: As well as the priors.

"[The court]: Mr. Corley, you have the right to have a court trial regarding whether you have the serious felony prior and strike prior alleged in the charging document, and whether the aggravating factor that your crimes are of increasing seriousness, whether that has been established. [¶] Do you give up that right and agree to admit those instead?

"[Corley]: Yes."

Corley admitted the prior conviction allegations and the aggravating factor that his prior convictions were numerous and of increasing seriousness.

After striking Corley's prior strike convictions under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, the court sentenced him to 15 years to life on count 1 plus 25 years to life for the firearm allegation and a 10-year term for the serious felony prior conviction charges. The court, in ruling on the *Romero* motion, pointed out Corley had a long criminal record: "Mr. Corley has basically been in and out of prison his entire life. . . . Most of his other offenses over the course of his life had been more relatively minor felony offenses in the scheme of things, and most of them were plea bargained down to lesser offenses."

4

DISCUSSION

As stated, to assist the court in its review, and in compliance with *Anders, supra*, 386 U.S. 738, counsel has identified a possible issue that this court should consider in evaluating the potential merits of this appeal: Whether Corley's "admission to the truth of the prior convictions [was] invalid for failure of the trial court to advise [him] on the record of the punitive consequences of that plea[.]"

The California Supreme Court addressed a similar trial court advisement in *People v. Mosby* (2004) 33 Cal.4th 353, and concluded the court did not err in advising the defendant of his trial rights. At the end of a short colloquy about his waiver, the defendant responded affirmatively to this advisal by the court: "Mr. Mosby, can you understand that you are entitled—you already waived having the jury determine the truth of this prior felony conviction of yours that's alleged. You are . . . entitled to have the court hear the matter, as well, to make a determination." (*Id.* at p. 358.) The Court of Appeal affirmed the judgment, and the defendant appealed to our Supreme Court, which ruled: "[I]mmediately after the jury found defendant guilty of selling cocaine, defendant was told he had a right to a jury trial on the prior conviction allegation. After waiving that right, defendant admitted the truth of the allegation. On appeal, defendant contended that the trial court committed reversible error by not telling him of his rights to remain silent and to confront witnesses. The Court of Appeal disagreed, stating: 'It would exalt a formula (*Boykin–Tahl* [(*Boykin v. Ala.* (1969) 395 U.S. 238 & *In re Tahl* (1969) 1 Cal.3d 122)]) over the very standard that the formula is supposed to serve (that the plea is intelligent and voluntary) to suggest that a defendant, who has just finished a contested jury trial, is nonetheless unaware that he is surrendering the protections of such a trial' when after

5

being advised of the right to a trial on an alleged prior conviction the defendant waives trial and admits the prior.  We agree.  [¶]  . . .  We note that unlike a trial on a criminal charge, trial on a prior conviction is 'simple and straightforward,' often involving only a presentation by the prosecution 'of a certified copy of the prior conviction along with defendant's photograph [or] fingerprints' and no defense evidence at all.  [Citation.]  Here, defendant, who was represented by counsel, had *just* undergone a jury trial at which he did not testify, although his codefendant did.  Thus, he not only would have known of, but had just exercised, his right to remain silent at trial, forcing the prosecution to prove he had sold cocaine. And, because he had, through counsel, confronted witnesses at that immediately concluded trial, he would have understood that at a trial he had the right of confrontation." (*Mosby*, at p. 364.)

The California Supreme Court in *People v. Cross* (2015) 61 Cal.4th 164 (*Cross*) held:  "At a minimum, Cross was entitled to be advised of his right to a fair determination of the truth of the prior conviction allegation.  Without such advisement, Cross 'waived, without proper protections, important rights by [his] admission' of the prior conviction.  [Citation.]  [¶]  While leaving for another day what additional advisements are constitutionally required, we take this opportunity to affirm the judicially created rule of criminal procedure requiring full *Boykin-Tahl* advisements for all guilty pleas in criminal trials regardless of whether the defendant's rights are derived from statute or from the state or federal Constitution.  [Citations.]  Adherence to this rule will provide a measure of certainty and uniformity for the trial courts." (*Cross,* at p. 179.)

However, the *Cross* court also pointed out that in *People v. Howard* (1992) 1 Cal.4th 1132, 1175, it held:  "The failure to properly advise a

6

defendant of his or her trial rights is not reversible 'if the record affirmatively shows that [the admission] is voluntary and intelligent under the totality of the circumstances.' " (*Cross, supra,* 61 Cal.4th at p. 179.) The court added: "In [*People v. Mosby, supra,* 33 Cal.4th at p. 361], we clarified that in applying the totality of the circumstances test, a reviewing court must 'review[ ] the whole record, instead of just the record of the plea colloquy,' and that 'previous experience in the criminal justice system is relevant to a recidivist's " 'knowledge and sophistication regarding his [legal] rights[.]' " ' " (*Cross, supra*, at pp. 179-180.)

As pointed out, the court here specifically advised Corley that if he pleaded guilty to the priors and admitted the factors in aggravation, he would be waiving his jury trial right. This advisement comported with the minimum advisement on a defendant's constitutional rights that the court required in *Cross, supra*, 61 Cal.4th at page 179. It is true the court did not specifically advise Corley about his rights to remain silent and to confront witnesses. However, under the totality of the circumstances test, and under *Mosby, supra*, 33 Cal.4th at page 365, he made knowing and voluntary admissions of his prior crimes and the aggravating circumstances.

We have reviewed the entire record as required under *Wende, supra,* 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738 and considered the potential issue raised by appointed counsel. We conclude the court did not prejudicially err in advising Corley about his rights in the bifurcated proceedings.

There are no other arguable issues that would result in a reversal or modification of the judgment. Competent counsel has represented Corley on this appeal.

7

DISPOSITION

The judgment is affirmed.


O'ROURKE, J.


WE CONCUR:


McCONNELL, P. J.


BUCHANAN, J.